**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. 2:06-cv-0447-JCM (LRL) |
| v. | ) |
| WAN FANG KUANG, | ) |
| Defendant. | ) |

**ORDER**

Presently before the Court is the United States' Amended Motion for Summary Judgment (Doc. No. 44) filed on December 16, 2009. Defendant Wan Fang Kuang ("Kuang") filed an opposition in response to the amended motion for summary judgment (Doc. No. 46) and Evidentiary Objections (Doc. No. 45) on January 2, 2010, and the United States filed its reply (Doc. No. 47) on January 12, 2010. Oral argument was heard by the Court on February 11, 2010.

On April 11, 2006, the United States commenced this proceeding, under Title 8, United States Code, Section 1451 (Section 1451), alleging that Kuang illegally procured her naturalization. Specifically, the United States made three allegations: that Kuang is not

admissible to the United States pursuant to Title 8, United States Code, Section 1182(a)(7)(A)(I) (Section 1182(a)(7)(A)(I)) because she was not in possession of a valid document for admission (Complaint ¶ 11); that Kuang is not admissible to the United States pursuant to Title 8, United States Code, Section 1427(a)(3) (Section 1427(a)(3)) because she was not a person of good moral character during the applicable statutory period (Complaint ¶ 18); and that Kuang is not admissible to the United States pursuant to Title 8, United States Code, Section 1182(a)(6)(C)(I) (Section 1182(a)(6)(C)(I)) because she procured her visa by fraud or willful misrepresentation of material facts (Complaint ¶ 27).

In its amended motion for summary judgment, the United States maintained that there were no genuine issues of material fact, and that, viewing the in a light most favorable to the defendant, the United States was entitled to summary judgment as a matter of law. Further, the United States argued that it was entitled to summary judgment based upon the doctrine of collateral estoppel: that the defendant's criminal conviction under Title 18, United States Code, Section 1542, precluded her from re-litigating the validity of her citizenship.

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is the burden of the moving party to show the absence of a genuine issue of material fact with the court viewing all facts and drawing all inferences in the light most favorable to the nonmoving party. See Zoslaw v. MCA Distrib. Corp., 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party has satisfied the requirements of Rule 56, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Ind., 477 U.S. 242, 256 (1986); accord Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The non-moving party "may not rely on denials in the pleadings but must procure specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." Bhan v. NME Hosp., Ind., 929 F.2d 1404, 1409 (9th

Cir. 1991). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). When ruling on a motion for summary judgment, a trial court can consider only admissible evidence. See Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

In order to revoke Kuang's citizenship and cancel her Certificate of Naturalization pursuant to Section 1451(a), naturalization must be either "illegally procured," or "procured by concealment of a material fact or by willful misrepresentation." Pursuant to Section 1182(a)(6)(C)(i), if an alien procures a visa by fraudulent means or willfully misrepresents a material fact, then the alien is inadmissible to the United States. Similarly, Section 1182(a)(7)(A)(i)(I) states that if an alien's immigrant visa is invalid at the time of the alien's application for admission into the United States then the alien is inadmissible to the United States. Additionally, in order to lawfully obtain United States citizenship, a person must be of "good moral character" for the five years immediately preceding the date of filing a citizenship application pursuant to Section 1427(e). Section 1101(f)(6) states that a person who gives false testimony for obtaining naturalization benefits is considered not of good moral character.

The United States Supreme Court has stated that "[collateral estoppel] generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." New Hampshire v. Maine, 532 U.S. 742 (2001). In other words, collateral estoppel "prevents relitigation of issues actually litigated and necessarily decided, after a full and fair opportunity for litigation, in a prior proceeding." Shaw v. Hahn, 56 F.3d 1128, 1131 (9th Cir. 1995). "The party asserting collateral estoppel must show that the estoppel issue is identical to an issue litigated in a previous action." Kamilche Co. v. United States, 53 F.3d 1059, 1062 (9th Cir. 1995). Additionally, "the issue to be foreclosed in the second litigation must have been litigated and decided in the first case." Id.,

1  citing Starker v. United States, 602 F.2d 1341, 1344 (9th Cir. 1979).  Lastly, the doctrine of issue
2  preclusion prevents relitigation of all issues of fact or law that were actually litigated and
3  necessarily decided in a prior proceeding, not just the particular arguments that were raised in
4  support of the first decision.  Id., citing Yamaha Corp. of America v. United States, 295 U.S.
5  App. D.C. 158, 961 F.2d 245, 254 (D.C. Cir. 1992), cert. denied, 506 U.S. 1078 (1993).

6  In the instant matter, through properly authenticated and admissible evidence, the United
7  States has established that no triable issue of fact exists regarding whether Kuang "procured [her
8  naturalization] by concealment of a material fact or by willful misrepresentation."  See Title 8,
9  United States Code, Section 1451(a).  Specifically, on both her visa and naturalization
10 applications, Kuang lied about the fact that she was living with Wai Kwong Ho.  Therefore,
11 Kuang's visa allowing her to enter the United States and her naturalization as a United States
12 citizen are invalid, and the United States is entitled to summary judgment as a matter of law.

13 Furthermore, the criminal conviction in United States v. Chaofan Xu, et al., Case No.
14 2:02-cr-00674-PMP-LRL, should be given preclusive effect.  Since the issues litigated during the
15 criminal trial include identical issues to those raised in this proceeding, the doctrine of collateral
16 estoppel prevents Kuang from re-litigating those same issues herein.  Thus, the United States is
17 entitled to summary judgment on this basis as well.

18 Accordingly, for the foregoing reasons, and with good cause showing:

19 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the United States'
20 amended motion for summary judgment (Doc. No. 44) is hereby GRANTED, and Defendant's
21 Certificate of Naturalization (No. 25912023) is REVOKED.

22 DATED this   24th   day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE